DUFRESNE, Judge.
This is an appeal in a child custody action. Marie Louise McLee (formerly Ber-geron), mother of the child, Terrence Ber-geron, appeals from a judgment of the trial court modifying the award of child custody to the father, Burke Anthony Bergeron, Jr.
On September 29, 1978, the trial court granted Marie Louise McLee (plaintiff) and Burke Anthony Bergeron a judgment of divorce, included therein was the award of sole custody of the minor child, Terrence to the plaintiff. The trial court granted rea *1016 sonable visitation and the right of the defendant to subsequently move for a change of custody.
On August 8, 1984, defendant requested the court to modify the child custody award. After trial on this issue, the court granted joint custody to the litigants and designated the defendant-father as the primary custodial parent and awarded reasonable visitation rights to the plaintiff-mother.
The plaintiff-mother appeals, contending the trial court abused its discretion in designating the defendant-father as the primary custodial parent. The issue presented for our review is whether the joint custody plan ordered by the trial court is in the best interest of the child. Because we find no abuse of the trial court’s discretion in modifying the joint custody arrangement, with the custody given to the defendant-father, we affirm.
The history of this ease begins on September 29, 1978, when the parties were divorced and the plaintiff-mother was granted sole custody of the one child of the marriage, with the defendant-father awarded reasonable visitation.
Subsequent to the parties divorce, the plaintiff married Myoung Park and two children were born of this union. Unfortunately, plaintiff’s marriage to Mr. Park also ended in divorce. Following this divorce, plaintiff married Kevin McLee and later moved to Shreveport,- Louisiana with all her children where she practices dentistry.
On or about December 16, 1983, plaintiff took Terry to the airport in Shreveport to be flown to New Orleans for his Christmas visitation with his father arid was to return by January 3, 1984, for school in Shreveport. Terry never returned. Instead, the father desired that his child remain in Gret-na, Louisiana to complete the remaining one-half of that school year of 1984.
Plaintiff alleges that she reluctantly consented to this arrangement because of the difficulty in the enforcement procedures of local court orders.
Finally, it was agreed that Terry would return to Shreveport in June, 1984, at which time plaintiff would resume her sole (permanent) custody of the child.
Terry was to return to school in Shreveport in the fall of 1984. In early August, 1984, the father made arrangements for a visit with Terry prior to starting school in Shreveport.
Shortly thereafter, the defendant-father filed a petition to modify child custody together with an injunction restraining the mother from removing Terry from the jurisdiction of the court in Jefferson Parish.
Upon learning that the father was refusing to return Terry to Shreveport, the plaintiff-mother obtained local counsel and filed a motion for contempt and a motion to withdraw, terminate and/or restrict visitation, together with discovery documents and an opposition to defendant’s motion for change of custody and also requested an injunction.
At the trial on these matters, the court found for joint custody as both parents are fit and able physically, to care for the child. More specifically, the trial court found that fitness was not an issue. Secondly, the court noted that the child did well at school both in Shreveport and in Terrytown. The court also noted that the school (Southside Baptist) in Shreveport was ready and able to accept Terry back for school for the fall term. The court further stated that in discussions in chambers, the minor child stated that he was happy at school in Ter-rytown. The court then described its position as a “dilemma” as both parents were fit and that the child did well at school with both parents. However, the trial judge decided that since the mother had acquiesced, in her terms “under duress” to Terry coming to school in the spring of 1984 at Terrytown Academy, he was going to allow the child to continue school there and therefore ordered change of custody to the degree that the father would be the custodial parent during the school year. The mother would have visitation during summer and on Christmas and Thanksgiv *1017 ing, alternatively. It is from this judgment that plaintiff appeals.
Although the appellant submits and lists some seven specifications of error, the crux of these are that the trial court erred in granting joint custody to both parents and transferring the primary custody of the child to the father.
After examining the record, we must integrate these facts with applicable law. The standard to be applied by the trial court in custody disputes is that of the best interest of the child, Turner v. Turner, 455 So.2d 1374 (La.1984). Furthermore, there are legion of cases in this State relative to the standard of appellate review. The query before this court is whether the trial court clearly abused its discretion in awarding custody, Bordelon v, Bordelon, 390 So.2d 1325 (La.1980); Goldman v. Loque, 461 So.2d 469 (La.App.5th Cir.1984).
The trial court specifically found that both parents are able physically and morally and mentally able to care for their child. The court further found that the child had been in residence with his father and step-mother and had been in school in Jefferson Parish since December, 1983, all pursuant to an informal agreement between his biological parents, just previous to the time upon which the mother testified she had contracted her third marriage. In addition, there was testimony of the minor’s teacher, Mrs. Andras, as to his academic performance. The child himself was interviewed in the court’s chambers, indicating his preference to remain with his father; yet, and contrary to the assertion of the mother that “... the court erred in placing too much weight on the statement of the child ...”, the court stated for the record that although influenced by the preference, “... it cannot guide my full decision.”
The father demonstrated to the court a very active interest in his son and the willingness and ability to provide a wholesome, stable environment for him. In the absence of a finding that Terry’s best interests were in jeopardy by remaining with his father, or that his life would be improved by being ordered to live with his mother, the trial court’s decision is proper.
As the trial court found that a decree of joint custody is in the best interest of the child, it does not necessarily require an equal sharing of physical custody.
Every child custody case must be viewed on its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child.
This court is reluctant to interfere with custody plans ordered by the trial court in the exercise of its discretion. Custody decisions reached by trial courts after careful consideration, should only be overturned where a clear abuse of discretion is apparent. We find no such abuse of discretion in this case.
Given the evidence that both parents deeply love their child and are quite capable of providing the child with a comfortable home environment, the award of joint custody, with primary custodial care given to the father was within the court’s discretion.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.